IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**CHEYNNE CHONG**                                                                                **PLAINTIFF**

**v.**                                                 **No. 3:23-CV-00014-MPM-RP**

**SECURITY CREDIT SERVICES LLC**                                      **DEFENDANT**

**ORDER**

This cause comes before the Court on Defendant Security Credit Services LLC's ("Security") Motion to Dismiss [12] for failure to state a claim upon which relief may be granted under Rule 12(b)(6). The self-represented plaintiff, Cheynne Chong, has responded in opposition to the motion [18]. For the reasons set forth below, the defendant's motion is granted, and the case will be dismissed without prejudice.

**FACTS AND PROCEDURAL HISTORY**

The plaintiff, proceeding *pro se*, brings this action alleging that the defendant violated various provisions of the Fair Debt Collection Practices Act. 15 U.S.C. § 1692. In his complaint, the plaintiff details his claims as follows:

(1) Defendant introduced fraud by attempting to collect on debts not previously owed. The defendant also introduced fraud by purchasing and holding personal information without entering into agreement or contract with Plaintiff. Defendant has failed to respond to all affidavits and notices of claims that were sent certified via the United States Postal Service.

(2) Defendant was provided the opportunity to state a claim or to remain silent and to agree with all terms set forth in the unresponded, unrebutted certified Notice of Liability, Notice of Fault and Opportunity to Cure and the Notice of Default and Imminent Liability, which included a Request for Admissions and a True Bill containing said violations. (All exhibits are attached for the record)

[1] at 5. The plaintiff attached to his complaint two letters that he allegedly sent Security, and a letter from the defendant addressing Mr. Chong's concerns.

The first letter states that Security "demands monies for an alleged debt for which no proof of said debt, nor proof of ownership of said debt has been verified and exhibited." [1-1] at 1. The letter also states that because there is no signed agreement between Chong and Security, "no collection can be sustained for Failure of Consideration." *Id.* In his second letter, Chong demands that Security "cease all collections activities," and alleges that:

> According to 15 U.S. Code § 1692 it is illegal for you to collect on debts not previously owed to your company. It is also illegal to report to credit bureaus without my consent pursuant to 15 US Code § 1681. Lastly, if you have my personal information without entering into agreement or contract with me, that is considered identity theft according to 15 U.S. Code § 1681.

[1-2] at 1. Attached to the second letter is a document titled "Invoice for Violations" demanding payment of $9,000.00 within 10 days. *Id.* at 2.

Finally, the plaintiff attached a letter Security sent to Chong that was written in response to "recent correspondence about [his] account." *Id.* at 3. The letter indicates that Security is attempting to collect a debt in the amount of $1,512.00 and identifies the original creditor as "Tempoe F/K/A Whynot Leasing, LLC." *Id.*

Security argues that the plaintiff's claims should be dismissed for failing to state a claim because Chong "has offered nothing more than unsupported assertions and conjecture in support of claims that Security Credit engaged in conduct prohibited by the FDCPA." [12] at 1. Chong responded in opposition to the motion alleging, for the first time, violations of the Statute of Frauds, the Fair Credit Reporting Act ("FCRA"), and the Racketeer Influenced & Corrupt Organizations Act ("RICO Act"). [18] at 2. Additionally, Chong repeated his argument that "the Plaintiff never signed a contract with the Defendant," which he alleges is "a violation of 15 U.S.C. § 1692c, contact without consent." *Id.*

2

**LEGAL STANDARD**

In order to survive a Rule 12(b)(6) motion, the plaintiff's complaint must assert "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). It is the duty of the trial judge to hold *pro se* complaints to less stringent standards than proper pleadings drafted by lawyers. *Hepperle v. Johnston*, 544 F.2d 201, 202 (5th Cir. 1976). But the Court is not required "to create a cause of action where there is none." *Cledera v. United States*, 834 F. App'x 969, 972 (5th Cir. 2021). Nor is the Court required to give the *pro se* litigant the opportunity to amend when such an amendment would be futile. *Id.*

**DISCUSSION**

The FDCPA's purpose "is to eliminate abusive debt collection practices by debt collectors." 15 U.S.C. § 1692(e). Practices prohibited by the FDCPA include "conduct designed to harass, oppress, or abuse any person in connection with the collection of a debt and the use of false, deceptive, or misleading representation or means in connection with the collection of any debt." *Calogero v. Shows, Cali & Walsh, LLP*, 970 F.3d 576, 581 (5th Cir. 2020) (citations omitted).

The FDCPA "authorizes private lawsuits and weighty fines designed to deter wayward collection practices." *Henson v. Santander Consumer USA Inc.*, 582 U.S. 79, 81 (2017). In order to state a claim under the FDCPA, a "[p]laintiff must show (1) that he was the object of collection activity arising from a consumer debt; (2) that Defendant is a debt collector as defined by the FDCPA; and (3) that Defendant engaged in an act or omission prohibited by the FDCPA. *Douglas v. Select Portfolio Servicing, Inc.*, No. 4:14-cv-01329, 2015 WL 1064623, at *4 (S.D. Tex. Mar. 11, 2015), *cited with approval in Calogero*, 970 F.3d at 581.

In the present case, the plaintiff does not specifically allege that the defendant is a debt collector as defined by the FDCPA, nor does he adequately assert that the alleged debt was

consumer related. Even if the plaintiff had properly identified the defendant and the debt, his claim would still fail because none of his allegations establish that the defendant engaged in conduct prohibited by the FDCPA. The plaintiff does not allege that he never owed the original debt that Security was attempting to collect. Neither does the plaintiff argue that Security somehow lied about his debt, misrepresented the amount owed, or failed to verify the debt. Instead, the plaintiff argues that Security violated the FDCPA because it purchased the debt "without entering into agreement or contract with [him]." [1] at 5. The plaintiff fails to connect these allegations to any provision of law, and there is no basis to conclude that his assertions amount to violations of the FDCPA. Therefore, he has failed to state a valid FDCPA claim.

As to the claims the plaintiff raised in his response to the defendant's motion, these claims are not properly before the court.[1] Even if the plaintiff had amended the complaint to properly include them, they would still fail for the same reasons given above. The plaintiff simply states that "it is illegal to collect on a debt without entering an agreement with the Plaintiff according to the FDCPA, FCRA and Racketeer Influenced & Corrupt Organizations Act." [18] at 2. Even construing the plaintiff's response liberally, his inclusion of these additional statutes does not even amount to a threadbare recitation of the elements, much less state a claim upon which relief may be granted. As such, the plaintiff's FCRA or RICO Act claims also fail.

In sum, the plaintiff has offered nothing more than unsupported assertions and conjecture in support of his claims. Although *pro se* complaints are subject to less stringent review, they must still allege sufficient facts to support their claims. *See Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (finding that even a *pro se* complainant must plead "factual matter" that permits the court "to infer more than the mere possibility of misconduct"). Here, Chong did not allege any facts that would

---

[1] When a claim is raised for the first time in a response to a motion, it is not properly before the court and, therefore, may be disregarded. *Green v. JP Morgan Chase Bank, NA*, 562 F. App'x 238, 240 (5th Cir. 2014).

allow this Court to infer the mere possibility of misconduct. Thus, the has failed to state a claim upon which relief may be granted, and his case must be dismissed.

**IT IS HEREBY ORDERED** that Security Credit Services LLC's motion to dismiss [12] is **GRANTED** and the case is **DISMISSED** without prejudice.

**SO ORDERED** this the 13th day of February, 2024.

/s/ Michael P. Mills
**UNITED STATES DISTRICT JUDGE**
**NORTHERN DISTRICT OF MISSISSIPPI**